IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEMETRIS HILL,<br><br>   *Defendant.* | CRIMINAL ACTION NO.<br>5:21-cr-00043-TES-CHW |

### ORDER DENYING DEFENDANT'S
### MOTION FOR APPEAL BOND

Before the Court is Defendant Demetris Hill's Motion for Appeal Bond [Doc. 104]. Because the Court fully outlined the factual and procedural history in its previous Order [Doc. 81], it adopts those portions by reference. [Doc. 81, pp. 1–3].

After denying Defendant's motion for acquittal and/or new trial, the Court sentenced Defendant to a total term of imprisonment of 33 months and ordered he pay $184,712.00 in restitution and a $10,000.00 fine. [Doc. 88]. The Court allowed Defendant to voluntarily surrender to the Bureau of Prisons at the appointed time. [Doc. 85]. Defendant then filed the present Motion for Appeal Bond.

### DISCUSSION

Section 3143 of Title 18 of the United States Code outlines the appropriate circumstances for an appeal bond. That section reads, in pertinent part:

**(b) Release or detention pending appeal by the defendant.**

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; **and**
>> (B) that the appeal is not for the purpose of delay **and** raises a substantial question of law or fact likely to result in--
>>> (i) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. 3143(b) (emphasis added). Put another way, the "burden is on the convicted defendant" to show:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The standard is conjunctive, meaning that a defendant must show all of the above elements. *See United States v. Jennings*, 991 F.2d 725, 731 (11th Cir. 1993) ("Since these four elements are in the conjunctive, if the requesting party cannot show any one of the elements, then the district court did not commit reversible error.").

The Court primarily focuses on the "substantial question" element.[1] A substantial question is "one of more substance than would be necessary to a finding that was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990).

Here, the majority of Defendant's asserted "substantial questions" were addressed fully in the Court's prior Order [Doc. 81]. None of those questions were substantial enough to warrant reversal of the jury's verdict then, and none of those questions warrant an appeal bond now. Because the Court addressed those arguments in its previous Order, it need not "restate those conclusions" again. *See United States v. Langford*, No. 7:08-CR-245-LSC-PWG, 2010 WL 11508317, at *2 (N.D. Ala. Mar. 31, 2010) (finding it unnecessary to address arguments raised in a defendant's motion for appeal bond that were addressed fully in the court's prior order on a motion for new trial).

Defendant raises two new arguments for purposes of his appeal. First, that the Court erroneously instructed the jury on deliberate ignorance, and that 18 U.S.C. § 287 is unconstitutionally void as applied. [Doc. 104, pp. 13–16]. Neither argument rises to the level of a substantial question for purposes of an appeal bond.

---

[1] To be clear, the Court expresses no opinion on Defendant's flight risk. Although the Court allowed Defendant to voluntarily surrender, the Court holds serious concerns based on Defendant's actions throughout the case. First, Defendant arrived late to the first day of trial because he lived at an undisclosed house in Atlanta—even though he informed the probation office that he only owned a home in Macon. Second, Defendant defiantly disregarded clear instructions from the probation office during its pre-sentence investigation regarding his income and net worth. Nonetheless, the Court need not consider his flight risk because he does not present a substantial question to be raised on appeal.

First, Defendant admits that he did not object to the Court's deliberate ignorance charge. [Doc. 104, p. 15 ("Mr. Hill did not object to the deliberate ignorance instruction at trial.")]. But Defendant argues that even under a plain-error review—which applies to forfeited errors—the Court's instruction should result in reversal. [*Id.* (relying on *United States v. Madden*, 733 F.3d 1314 (11th Cir. 2013)]. However, in *Madden*, the Eleventh Circuit clearly held that *even if* the appellate court finds reversible error in a forfeited instruction, its authority to correct that error "is always discretionary." *Madden*, 733 F.3d at 1320. Therefore, by its very nature, such discretionary authority does not lead to a conclusion that the Eleventh Circuit is likely to reverse. Indeed, the Eleventh Circuit is clear that "we will not reverse a conviction unless we find that 'the issues of law were presented inaccurately, the [jury] charge included crimes not contained in the indictment, or the charge improperly guided the jury in such a substantial way as to violate due process.'" *United States v. Weissman*, 899 F.2d 1111, 1114 (11th Cir. 1990) (internal quotations omitted). The argument raised by Defendant does not rise to that level.

Additionally, Eleventh Circuit precedent is clear that "where the evidence supports both actual knowledge and deliberate ignorance, the [deliberate ignorance] instruction is properly given." *United States v. Arias*, 984 F.2d 1139, 1143 (11th Cir. 1993). That is true in this case. The Government presented evidence and arguments that Defendant knew his responsibility to report any changes in employment, and

deliberately avoided those duties in an effort to maintain his benefits. Even so, "instructing the jury on deliberate ignorance is harmless error where the jury was also instructed and could have convicted on an alternative, sufficiently supported theory of actual knowledge." *United States v. Steed*, 548 F.3d 961, 977 (11th Cir. 2008). The Court instructed the jury on deliberate ignorance, as well as "knowingly," and "willfully." [Doc. 66, ¶¶ VII, VIII]. Accordingly, Defendant's jury charge arguments are insufficient to warrant his requested relief.

Second, Defendant argues that 18 U.S.C. § 287—the statute outlining the crime of false claims against the government—is unconstitutionally void as applied. However, the Court need not venture into the merits of this argument because even if the Court accepted it as a substantial question for purposes of Defendant's motion, it does not raise an issue for which the Eleventh Circuit could issue "reversal or an order for a new trial of **all counts** on which imprisonment has been imposed." *Giancola*, 754 F.2d at 901 (emphasis added). Even if Defendant's arguments successfully defeat his conviction under § 287, he would still be subject to imprisonment for his conviction of theft of government property. Therefore, this argument cannot meet the requirements outlined in § 3143.

## CONCLUSION

Accordingly, the Court **DENIES** Defendant's Motion for Appeal Bond [Doc. 104].

[signature and date on following page]

5

**SO ORDERED**, this 6th day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
