IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**DEMETRIS HILL,**<br><br>　　*Defendant.* | **CRIMINAL ACTION NO.**<br>**5:21-cr-00043-TES-CHW** |

**ORDER DENYING DEFENDANT'S**
**MOTION TO DELAY SELF SURRENDER**

Before the Court is Defendant Demetris Hill's Motion to Delay Self Surrender [Doc. 110]. In his Motion, Defendant asserts that the pre-sentence report ("PSR") did not "fully capture" his medical needs. [Doc. 110, p. 2]. However, Defendant fails to outline exactly which of his medical conditions were not fully covered by the PSR. The PSR did, in fact, state that Defendant "suffers from numerous health conditions, including diabetes." [Doc. 82, p. 12]. The PSR also notes that in 2004, Defendant "underwent a colectomy," and is under a physician's care and is "prescribed Levemir and Glipizide daily." [*Id.*]. The PSR also covers Defendant's basic health and demographic information. [*Id.*].[1]

---

[1] The Court also notes that Defendant was not particularly helpful during the pre-sentence investigation. *See* Order Denying Defendant's Motion for Appeal Bond, *United States of America v. Hill*, No. 5:21-cv-00043-TES-CHW (M.D. Ga. Feb. 6, 2023), ECF No. 105, p. 3 n.1. Therefore, the Court is not convinced that any information allegedly missing from the PSR was given to the appropriate individuals during the investigation.

Even Defendant's own declarant, Maureen Baird, stated that if Defendant is not "designated properly at the commencement of his sentence and the prison's medical department determine[s] he requires medical care beyond what is available at that facility, [Defendant] **will be submitted for transfer**." [Doc. 110-1, ¶ 8 (emphasis added)]. Of the information that Baird asserts the Bureau of Prisons ("BOP") needs, the only conditions that were not listed or covered in some capacity in the PSR are Defendant's sleep apnea, his monthly appointments with Dr. Patel for undisclosed "medical conditions," his appointments with a gastrointestinal doctor every two years, and a few additional medications. [*Id.* at ¶ 16]. That information can readily be given to the BOP and any necessary adjustments can be made.

Accordingly, the Court **DENIES** Defendant's Motion to Delay Self Surrender [Doc. 110]. Defendant is **ORDERED** to surrender to the Bureau of Prisons on February 27, 2023, at the time and place set by the Bureau.

**SO ORDERED**, this 22nd day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
