# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No:   5:21-CR-00043-001 |
| Demetris Hill | ) |
| | ) USM No:   57184-509 |
| Date of Original Judgment:   01/19/2023 | ) |
| Date of Previous Amended Judgment:  N/A | ) Michael Todd Sterling |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO

Upon motion of   ☒ the Defendant ☐ the Director of the Bureau of Prisons ☐ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the defendant's motion for a sentence reduction is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____33_____ months **is reduced to** _____27_____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

When sentenced on January 19, 2023, Hill had no criminal history points; therefore, his Criminal History Category was I. Considering a Total Offense Level of 18, his guideline range was 27 to 33 months. Based upon [retroactive] Amendment 821, Part B to the *United States Sentencing Guidelines*, defendants with no criminal history points qualify for a two-level decrease, pursuant to USSG §4C1.1(a) (Certain Zero-Point Offenders). Under the retroactive guideline, Hill's Total Offense Level becomes 16 and his amended guideline range becomes 21 to 27 months.

Because he had no criminal history points when sentenced, Hill filed a Motion for a Sentence Reduction (Doc. 118) seeking to have his sentence reduced from 33 months to 21 months. However, because the case was up on appeal, the Court had no jurisdiction to grant the motion at the time and so issued an Order of Indicative Ruling (Doc. 120), indicating to the appellate court that if it remanded the case for the purpose of ruling on Hill's Motion, the Court would grant it in part. The Eleventh Circuit remanded the case on a limited basis pursuant to Federal Rule of Appellate Procedure 12.1(b). Now, having jurisdiction, the Court grants Hill's motion, in part, and reduces the sentence from 33 months to 27 months.

Except as otherwise provided, all provisions of the judgment dated _____01/19/2023_____ shall remain in effect.

**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date:   5/29/2024 | *S/ Tilman E. Self, III* |
| | *Judge's signature* |
| Effective Date:   6/8/2024 | Tilman E. Self, III, U.S. District Judge |
| *(if different from order date)* | *Printed name and title* |

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Demetris Hill

CASE NUMBER:  5:21-CR-00043-001

DISTRICT:  Middle Georgia

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level:  18          Amended Total Offense Level:  16

Criminal History Category:  I          Criminal History Category:  I

Previous Guideline Range:  27  to  33  months    Amended Guideline Range:  21  to  27  months

## II.    SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒  The reduced sentence is within the amended guideline range.

☐  The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐  The reduced sentence is above the amended guideline range.

## III.  ADDITIONAL COMMENTS

*At sentencing, the Court cited numerous sentencing factors outlined at 18 U.S.C. 3553(a) which justified a sentence above or at the top of the guideline sentencing range (citing U.S. v. Oudomsine, 57 F. 4th 1262, 11th Circuit, 2023) including the defendant's personal history and characteristics, the seriousness of the offense, and the nature and circumstances of the offense; and the need for the sentence to promote respect for law, provide just punishment for offense, and serve as deterrence against further crimes by the defendant and others who may commit a similar crime. For the reasons previously cited, the Court has determined a sentence at the top of the amended guideline range is appropriate.*